# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

CEDRIC L. RAULSTON                                              PLAINTIFF

v.                          No. 4:11-cv-629-DPM

WASTE MANAGEMENT
OF ARKANSAS, INC.                                               DEFENDANT

## ORDER

Raulston moves to voluntarily dismiss his complaint without prejudice. Waste Management opposes the motion. Although Raulston has not offered an explanation for his motion, the Court nonetheless finds that the factors weigh in favor of allowing the dismissal. *Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc.*, 187 F.3d 941, 950 (8th Cir. 1999).

First, the dismissal will not unduly prejudice Waste Management. Any materials already generated in this lawsuit can be recycled. Further, the Court orders that if Raulston refiles, he must pay any duplicative costs that Waste Management incurs as a result of the refiling. Nor will the dismissal waste judicial time and effort. The parties have engaged the Court relatively little thus far — this year-old case has only a few dozen docket entries. And if the case is refiled, it will be reassigned to this Court. Local Rule 40.1(c).

Timing is also a factor. Raulston filed his motion on the discovery cut-off date, ten days before the dispositive-motions deadline. *Document No. 25, at 1*. And at that time, no dispositive motion had been filed. This case is therefore different than *Hamm* and *Paulucci*, where a motion to voluntarily dismiss was an attempted dodge of an imminent adverse decision. *Hamm*, 187 F.3d at 950; *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987). Last, although the trial date is only three months away, this case is still third-out on the Court's trial calendar — a fact the Court recently told the parties. *Document No. 23*. Whether trial is truly imminent is uncertain, making the trial timing less weighty in this case.

Considering all the circumstances, the Court concludes that Raulston may voluntarily dismiss his complaint. Motion, *Document No. 26*, granted. FED. R. CIV. P. 41(a)(2). If Raulston refiles, he must pay any duplicative costs that Waste Management suffers as a result. The pending motion for summary judgment, *Document No. 27*, is denied as moot; and Raulston's complaint is dismissed without prejudice.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge
16 August 2012